**NOT FOR PUBLICATION**

**FILED**

JUL 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA, | No. 13-30130 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00017-EJL-2 |
| v. | |
| SEASON HYMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted July 8, 2014[**]
Seattle, Washington

Before: ALARCÓN, TASHIMA, and MURGUIA, Circuit Judges.

Defendant Season Hymas pleaded guilty to one count of misdemeanor theft from a financial institution in violation of 18 U.S.C. § 2113(b). She appeals the district court's order imposing restitution in the amount of $100,272.72.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Reviewing for abuse of discretion, *United States v. Booth*, 309 F.3d 566, 575 n.6 (9th Cir. 2002), we affirm the district court's order.

Under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, courts are directed to order restitution "in the full amount of each victim's losses." 18 U.S.C. § 3664(f)(1)(A). When more than one defendant has contributed to the loss, courts have discretion to either "make each defendant liable for payment of the full amount [or] apportion liability among the defendants to reflect the level of contribution to the victim's loss." 18 U.S.C. § 3664(h).

The district court properly exercised its discretion when it declined Defendant's request to apportion restitution to reflect her low degree of culpability and responsibility for the victim's loss. The court was aware that it had such discretion, but nonetheless found Defendant blameworthy with respect to the offense for which she was charged. The reason the district court gave is also consistent with the purposes that restitution is designed to serve. *See United States v. Green*, 722 F.3d 1146, 1150 (9th Cir.) (noting that the purpose of restitution is "not to punish the defendant, but to make the victim whole again" (internal quotation marks omitted)), *cert. denied*, 134 S. Ct. 658 (2013). Even if the court could have apportioned restitution in light of the fact that her codefendant's

sentence had already been imposed, its decision not to do so was properly within its discretion.

**AFFIRMED.**